IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| KARYANN BELISLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:11-cv-224 |
| vs. ) | |
| ) | |
| ROSENTHAL, STEIN & ASSOCIATES ) | |
| LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, KARYANN BELISLE, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, ROSENTHAL, STEIN & ASSOCIATES LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Raleigh, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Georgia, which is not licensed to do business in North Carolina and which has its principal place of business in Atlanta, Georgia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about February 26, 2011, Defendant's representatives and/or employees including but not limited to individuals who identified themselves as "Agent Terrance Scott" and "Agent Paris," began contacting Plaintiff and Plaintiff's father by telephone in attempts to collet the aforementioned alleged debt, but failed to identify themselves as debt collectors in every communication with Plaintiff.

9. On or about March 1, 2011, Defendant's representative and/or employee left a message on Plaintiff's answering machine stating that Plaintiff owed an alleged debt and a formal statement was needed from Plaintiff in order to protect her from legal proceedings that were scheduled to occur at 4:00 p.m. the following day.

10. On or about March 1, 2011, Defendant's representative and/or employee left a nearly identical message on Plaintiff's father's answering machine.

11. In leaving the above described messages for Plaintiff and Plaintiff's father, Defendant's representatives and/or employees (a) used false, deceptive and/or misleading representations when the callers identified themselves as an "agent;" (b) insinuated that Defendant was bonded by, vouched for or affiliated with the United States Government or a state government; (c) insinuated that they were attorneys and/or speaking on behalf of attorneys when they threatened legal action against Plaintiff; and (d) threatened legal action that could not be taken because, on information and belief, Defendant's representatives and/or employees are not attorneys and Defendant is not the original creditor to whom the alleged debt is owed.

12. On or about March 2, 2011, an attorney for Plaintiff mailed a letter to Defendant advising Defendant that Plaintiff was now represented by said attorney in regard to Defendant's attempts to collect the alleged debt and requesting that Defendant cease and desist from any further direct communication with Plaintiff. Subsequently, Plaintiff mailed her own letter to Defendant, requesting that Defendant cease and desist from any further contact with her.

13. Despite the requests of Plaintiff and her attorney as outlined above, Defendant's representatives and/or employees continued to contact Plaintiff by telephone, including but not limited to calls placed to Plaintiff on or about the following dates and times:

    a. March 4, 2011 at 11:59 a.m.;

  b.  March 10, 2011 at 6:27 p.m.;

  c.  March 11, 2011 at 9:10 a.m.;

  d.  March 18, 2011 at 3:20 p.m.;

  e.  March 24, 2011 at 8:14 p.m.;

  f.  March 28, 2011 at 7:05 p.m.;

  g.  March 29, 2011 at 2:04 p.m.;

  h.  March 30, 2011 at 7:18 p.m.;

  i.  April 6, 2011 at 2:34 p.m.;

  j.  April 18, 2011 at 4:46 p.m.; and

  k.  April 20, 2011 at 12:16 p.m.

14. In addition, Defendant failed to provide Plaintiff with the notice which is required by 15 U.S.C. § 1692g(a).

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

  a.  Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

  b.  Communicating with Plaintiff after Defendant had been advised that she was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2);

  c.  Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

d. Continuing to communicate with Plaintiff after Defendant was notified in writing that Plaintiff wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

e. Falsely representing or implying that Defendant is vouched for, bonded by, or affiliated with the United States government or any state government, in violation of 15 U.S.C. § 1692e(1);

f. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

g. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

h. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

i. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

j. Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

k. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, KARYANN BELISLE, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

b. Communicating with Plaintiff after Defendant had been advised that she was represented by an attorney with respect to the alleged debt, in violation of N.C. Gen. Stat. § 58-70-115(3);

c. Falsely representing or implying that Defendant is vouched for, bonded by, or affiliated with the United States government or any state government, in violation of N.C. Gen. Stat. § 58-70-110(4);

d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of N.C. Gen. Stat. § 58-7-110(7);

e. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-110(2); and

f. By acting in an otherwise deceptive, unfair and unsconscionable manner and failing to comply with North Carolina law.

WHEREFORE, Plaintiff, KARYANN BELISLE, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com